IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ABRAHAM GOODE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-15-2641 |
| BALTIMORE CITY CIRCUIT COURT, et al., | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Pending before the Court are Plaintiff Abraham Goode's Motion for Extension of Time to File in Forma Pauperis (ECF No. 9) and Motion for Leave to Proceed in Forma Pauperis (ECF No. 10). Pursuant to 28 U.S.C. § 1915(a) and (b) (2012), the Court will grant the Motions and a partial filing fee shall be assessed. For reasons set forth herein, however, the Complaint shall be dismissed in part.

### I.     BACKGROUND

Goode is a federal inmate who is currently housed in the Federal Correctional Institution, Allenwood in Pennsylvania. In Baltimore, Maryland, Goode was arrested in 1972 and convicted in 1973 for murder and other charges. The conviction was subsequently overturned on appeal, and after a second trial on remand, he was found not guilty. Goode alleges that records of the arrest, conviction, and subsequent acquittal have severely restricted his life over the course of more than forty years. He states the conviction has resulted in missed employment opportunities, family problems, and emotional distress. Goode further alleges that on November 19, 2014, following his recent arrest on federal drug charges, the Bureau of Prisons ("BOP") contacted the Baltimore State's Attorney to determine the status of the 1973 conviction. He claims the records relating to the 1973 trial and sharing the information among the state and federal agencies

constitutes defamation. He also alleges claims of false arrest, false imprisonment, malicious prosecution, and a violation of his Fourteenth Amendment due process rights. Goode is seeking $10,000,000 in damages and an expungement of his criminal record related to the 1972 murder charges.[1]

## II. DISCUSSION

This Court is obliged by 28 U.S.C. § 1915A (2012) to screen prisoner complaints and dismiss claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted. In deciding whether a claim is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." White v. White, 886 F.2d 721, 722–23 (4th Cir. 1989). Under the provisions of 28 U.S.C. § 1915(e)(2), a case

> shall be dismissed at any time if the court determines that . . . (A) the allegation of poverty is untrue; or (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

**A. False Arrest, False Imprisonment, and Malicious Prosecution**

Goode alleges false arrest, false imprisonment, and malicious prosecution claims under both state common law and the Civil Rights Act, 42 U.S.C. § 1983 (2012). Though Goode states

---

[1] To the extent that Goode is requesting this Court to order the sealing or destruction of all documents referencing his arrest, conviction and subsequent acquittal, he is requesting mandamus relief pursuant to 28 U.S.C. § 1361 (2012). Federal mandamus relief, however, is unavailable against state agencies. A federal district court has no mandamus jurisdiction over state employees, and cannot compel the Maryland state courts or Baltimore City employees to destroy any reference to the criminal proceedings that occurred in the Maryland state courts. See e.g., Gurley v. Superior Court of Mecklenburg Cty., 411 F.2d 586, 586–87 (4th Cir. 1969).

Defendants' alleged conduct violated his substantive due process rights under the Fourteenth Amendment, his claims would be considered violations of his Fourth Amendment right to be free from unreasonable seizures. Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000).

While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983.[2] Bd. of Regents of Univ. of State of N.Y. v. Tomanio, 446 U.S. 478, 483–84 (1980). Maryland's statute of limitations for false arrest, false imprisonment, and malicious prosecution actions states the claims must be filed within three years from the date the claims accrue. See Md. Code Ann., Cts. & Jud. Proc., § 5-101 (West 2015). "Although the applicable state statute of limitations supplies the length of the limitations period in a § 1983 action, the time of accrual of the cause of action is a matter of federal law." Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996) (citing Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995)). "Federal law holds that the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action." Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975) (citing Young v. Clinchfield R.R. Co., 288 F.2d 499, 503 (4th Cir. 1961)).

False arrest and imprisonment claims accrue on the date of arrest. Brooks, 85 F.3d at 182. Goode was arrested on September 28, 1972. (ECF No. 1). Accordingly, his false arrest and imprisonment claims should have been filed by September 28, 1975. The Court will, therefore, dismiss the § 1983 false arrest and imprisonment claims.

---

[2] "[D]ismissal . . . is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996) (citing Richmond, F. & P. R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)).

Malicious prosecution claims accrue on the date the criminal proceedings terminated in the plaintiff's favor.  Gray v. Maryland, 228 F.Supp.2d 628, 635 (D.Md. 2002).  Goode does not allege the date he was found not guilty during the second trial.  As such, Goode's malicious prosecution claim will not be dismissed.

**B.  Defamation**

Goode alleges a defamation claim against several Defendants.  To state a claim for defamation, the plaintiff must allege: "(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm."  Indep. Newspapers, Inc. v. Brodie, 966 A.2d 432, 448 (Md. 2009) (quoting Offen v. Brenner, 935 A.2d 719, 723–24 (Md. 2007)).  Under Maryland law, a defamation action must be filed within one year from the date it accrues.  See Cts. & Jud. Proc. § 5-105.

First, Goode alleges defamatory statements were made during his murder trials.  Any defamatory statements allegedly made by the police, defense counsel, trial court judge, or prosecutor were known to Goode at the time of his first and second trials.  As such, Goode's claim regarding defamatory statements made during his first trial in 1973 is time-barred.  Because Goode has not alleged the date of his second trial, his claim regarding defamatory statements allegedly made during his second trial will not be dismissed.

Second, Goode alleges defamatory statements were made on November 19, 2014, when the BOP improperly contacted the Baltimore City Circuit Court regarding his 1972 arrest and 1973 conviction.  The BOP's inquiry extended no further than a request for public records related to the status of the 1973 conviction.  Goode concedes that he was, in fact, arrested in

4

1972 and convicted in 1973.  The Court finds Goode has failed to allege that the BOP improperly inquired about any false information.  Accordingly, the Court will dismiss Goode's defamation claim.[3]

### III.    CONCLUSION

For the reasons stated above, Plaintiff Abraham Goode's Motion for Extension of Time to File in Forma Pauperis (ECF No. 9) and Motion for Leave to Proceed in Forma Pauperis (ECF No. 10) are GRANTED.  Plaintiff Abraham Goode's claims for false imprisonment, false arrest, and defamation regarding the Federal Bureau of Prisons' November 14, 2014 inquiry are DISMISSED.  Defendants Baltimore County Board, Baltimore City Probation Office, Baltimore County Probation Office, United States Department of Justice, United States Department of Justice Federal Bureau of Prisons, United States Probation Office, and United States of America are DISMISSED.  A separate Order follows.

Entered this 2nd day of December, 2015

/s/
_____
George L. Russell, III
United States District Judge

---

[3] Because the remaining § 1983 malicious prosecution claim and portion of the defamation claim are not alleged against Defendants Baltimore County Board, Baltimore City Probation Office, Baltimore County Probation Office, United States Department of Justice, United States Department of Justice Federal Bureau of Prisons, United States Probation Office, and United States of America, they will be dismissed.