IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ABRAHAM GOODE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-15-2641 |
| BALTIMORE CITY CIRCUIT COURT, et al., | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant's, Baltimore City Police Department ("Police Department"), Motion to Dismiss (ECF No. 20) and Defendants', Baltimore City Circuit Court ("Circuit Court") and the State of Maryland ("the State"), Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 21). The Motions are unopposed and ripe for disposition. Having considered the Motions and supporting documents, the Court finds no hearing necessary. See Local Rule 105.6 (D.Md. 2014). For the following reasons, the Court will grant the Motions.

**I. BACKGROUND**

Plaintiff Abraham Goode is a federal inmate who is currently housed in the Federal Correctional Institution, Allenwood in Pennsylvania. In Baltimore, Maryland, Goode was arrested in 1972 and convicted in 1973 for murder and other charges. The conviction was subsequently overturned on appeal, and after a second trial on remand, he was acquitted on June 17, 1977. Goode alleges that records of the arrest, conviction, and subsequent acquittal have severely restricted his life over the course of more than forty years. He states the conviction has resulted in missed employment opportunities, family problems, and emotional distress. Goode initiated this action in the United States District Court for the Middle District of Pennsylvania on July 10, 2015, alleging, inter alia,

claims for malicious prosecution and defamation and seeking $10,000,000 in damages.[1] (ECF No. 1). The case was transferred to this Court on September 9, 2015. (ECF No. 6).

On December 2, 2015, the Court dismissed Goode's claims for false imprisonment, false arrest, and defamation regarding the BOP's November 19, 2014 inquiry, and dismissed Defendants Baltimore County Board, Baltimore City Probation Office, Baltimore County Probation Office, United States Department of Justice, United State Department of Justice Federal Bureau of Prisons, United States Probation Office, and United States of America because Goode failed to specify allegations against them. (ECF No. 11).

## II. DISCUSSION

a.  **Standard of Review**

A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not state "a plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013). Pro se pleadings, however, are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). In considering a

---

[1] Goode also alleges that on November 19, 2014, following his recent arrest on federal drug charges, the Bureau of Prisons ("BOP") contacted the Baltimore State's Attorney to determine the status of the 1973 conviction. He claims the records relating to the 1973 trial and sharing the information among the state and federal agencies constitutes defamation.

Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).

"When matters outside the pleading are presented to and not excluded by the court, the [12(b)(6)] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260–61 (4th Cir. 1998) (quoting Fed.R.Civ.P. 12(d)). Under Rule 56(a), the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

In reviewing a motion for summary judgment, the Court must draw all justifiable inferences in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247–48.

A "material fact" is one that might affect the outcome of a party's case. Id. at 248; see JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265.

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Balt. Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed.R.Civ.P. 56(e)).  The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in [his] favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644–45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  Bouchat, 346 F.3d at 526 (quoting Drewitt v. Pratt, 999 F.2d 774, 778–79 (4th Cir. 1993).

Defendants rely on exhibits to their motion, consisting in part of authenticated copies of Goode's criminal docket.  Because the Court will consider Defendants' exhibits, the COurt must convert the Circuit Court and State's Motion to one for summary judgment.

**b. Analysis**

Goode alleges a malicious prosecution claim under both state common law and the Civil Rights Act, 42 U.S.C. § 1983 (2012).  While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983.  Bd. of Regents of Univ. of State of N.Y. v. Tomanio, 446 U.S. 478, 483–84 (1980).  Maryland's statute of limitations for malicious prosecution actions states the claims must be filed within three years from the date the claims accrue.  See Md.Code Ann., Cts. & Jud.Proc., § 5-101 (West 2016).  "Although the applicable state statute of limitations supplies the length of the limitations period in a § 1983 action, the time of accrual of the cause of action is a matter of federal law."  Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996) (citing Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995)).  "Federal law holds that the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis

of the action." Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975) (citing Young v. Clinchfield R.R. Co., 288 F.2d 499, 503 (4th Cir. 1961)).

Malicious prosecution claims accrue on the date the criminal proceedings terminated in the plaintiff's favor. Gray v. Maryland, 228 F.Supp.2d 628, 635 (D.Md. 2002). Goode was acquitted during second trial on June 17, 1977. ECF No. 22-4. Because the limitations period accrued on the date of his acquittal, Goode had three years from June 17, 1977 to bring a malicious prosecution claim. The Court, therefore, finds Goode's malicious prosecution claim is barred by the statute of limitations.

Goode further alleges defamatory statements were made during his second murder trial. Maryland provides a one-year limitations period for filing a defamation suit. See Md.Code Ann., Cts. & Jud.Proc. § 5-105. Goode's defamation claim accrued as of the date of his acquittal, giving him until June 17, 1978 to bring his claim for defamation. The Court, therefore, finds that Goode's defamation claim is also time-barred. As such, the Court will grant the Motions and dismiss Goode's Complaint.

### III. CONCLUSION

For the reasons stated above, Defendant Baltimore Police Department's Motion to Dismiss (ECF No. 20) and Defendants Baltimore City Circuit Court and State of Maryland's Motion for Summary Judgment (ECF No. 22) are GRANTED. The Complaint is DISMISSED. A separate Order follows.

Entered this 23rd day of May, 2016

/s/
_____
George L. Russell, III
United States District Judge